```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

ELROY RICHMAN,

    Plaintiff,

vs.                                    No. 18-2306-JPM-dkv

VETERANS AFFAIRS HOSPITAL,

    Defendant.

_____

    REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
_____

    On February 27, 2018, the plaintiff, Elroy Richman ("Richman"), filed a *pro se* complaint against the defendant Veterans Affairs Hospital ("the VA Hospital") in the Circuit Court of Shelby County, Tennessee. (Compl., ECF No. 1-1.) The VA Hospital removed the case to federal court on May 3, 2018. (ECF No. 1.) From what the court can ascertain, Richman maintains in his complaint that the VA Hospital, in conjunction with the United States Government, negligently performed an experimental medical procedure on Richman in which they took control of his body and caused his health to decline. (Compl., ECF No. 1-1.) It is difficult to discern the facts and legal arguments that relate to Richman's claim because they are incoherent, lack context, and are buried under legal conclusions and enumerations of law largely irrelevant. The complaint,

however, appears to essentially allege a tort claim against VA Hospital arising from negligent medical care. (*See id.*)

Currently before the court is VA Hospital's motion to dismiss the complaint for lack of jurisdiction based on failure to exhaust administrative remedies pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, for an order directing Richman to effect proper service on VA Hospital pursuant to Rule 4(i) and for a more definite statement pursuant to Rule 12(e). (ECF No. 2.) Pursuant to Local Rule 12.1(b), Richman had 28 days to file a response to VA Hospital's motion to dismiss; however, no response was filed, and the time for filing a response has expired. The presiding district judge has referred the case to the United States Magistrate Judge for all pretrial matters for determination and/or report and recommendation as appropriate. (ECF No. 7.)

I. PROPOSED CONCLUSIONS OF LAW

As an initial matter, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)(citations omitted). Here, VA Hospital is a federal agency and thus protected by sovereign immunity.[1] However, "[t]he FTCA [the Federal Tort Claims Act] waives the sovereign immunity of the

---

[1] *See, e.g.*, *Memphis VA Medical Center*, U.S. Dep't of Veterans Affairs, https://www.memphis.va.gov/ (last visited July 24, 2018).

2

Unites States with respect to tort claims . . . ." *Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002)(citing 28 U.S.C. § 2674)(abrogated on other grounds).

In its motion to dismiss, VA Hospital argues that Richman's complaint should be dismissed for failure to follow the administrative prerequisites to filing a personal injury tort lawsuit against VA Hospital enumerated in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 – 2680. According to the FTCA,

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .

28 U.S.C. § 2675(a). Thus, "[p]rior to filing a complaint under the FTCA, a plaintiff must exhaust administrative remedies." *Bumgardner v. United States*, No. 10-5656, 2012 WL 858647, at *2 (6th Cir. Mar. 14, 2012); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993)("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). If a plaintiff has failed to fulfill the administrative requirements of the FTCA, the case must be dismissed for lack of jurisdiction. *Dolan v. United States*, 514 F.3d 587, 592 (6th Cir. 2008).

3

Here, Richman's claims are in essence tort claims against the Department of Veteran Affairs, a federal agency. (*See* Compl., ECF No. 1-1)(alleging that he is "suing for emotional distress and assassination of character" and that, due to care presumably provided at the VA Hospital, his "blood pressure is not normal . . . and the U.S. Government Veterans Affairs Hospitals are responsible for any future decline of health of mine"). There is no allegation in the complaint that Richman has exhausted his administrative remedies, and there are no documents attached to the complaint indicating that he has done so. (*See id.*) In addition, Richman has not provided any evidence in response to VA Hospital's motion to dismiss that he filed an administrative claim against VA Hospital. Thus, Richman has not shown that he has satisfied the FTCA's administrative exhaustion requirement. Therefore, Richman's complaint should be dismissed for lack of jurisdiction.

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that VA Hospital's motion to dismiss be granted and that Richman's complaint be dismissed in its entirety for lack of subject matter jurisdiction.

Respectfully submitted this 26th day of July, 2018.

s/ Diane K. Vescovo_____

                DIANE K. VESCOVO
                CHIEF U.S. MAGISTRATE JUDGE

NOTICE

  Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

5