IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| ELROY RICHMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:18-cv-2306-JPM-dkv |
| v. | ) | |
| | ) | |
| VETERANS AFFAIRS HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING THE MOTION TO DISMISS**

Before the Court is the Report and Recommendation filed by U.S. Magistrate Judge Diane K. Vescovo on July 26, 2018. (ECF No. 8.) In the Report and Recommendation, the Magistrate Judge considers a Motion to Dismiss filed by Defendant Veterans Affairs Hospital ("the VA Hospital"). (ECF No. 2.) For the reasons set forth below, the Court ADOPTS the Report and Recommendation in its entirety. Accordingly, the VA Hospital's Motion to Dismiss is GRANTED and Plaintiff Elroy Richman's complaint is DISMISSED.

In his complaint, Richman alleges medical malpractice, willful deception, the intentional infliction of emotional distress, and the failure to award appropriate disability benefits. (ECF No. 1-1.) Under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., this Court cannot consider personal injury tort claims against the federal government until a plaintiff exhausts the relevant administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). In the Report and Recommendation, the

Magistrate Judge finds that "Richman has not provided any evidence… that he filed an administrative claim against [the] VA Hospital," and thus has not yet exhausted his administrative remedies. (ECF No. 2 at PageID 23.) Accordingly, the Magistrate Judge recommends that the "VA Hospital's motion to dismiss be granted and that Richman's complaint be dismissed in its entirety for lack of subject matter jurisdiction." (Id.)

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Richman has not filed any objections to the Report and Recommendation, and the time for filing objections expired on August 9, 2018. See Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note. On clear-error review of the Magistrate Judge's Report and Recommendation, the Court hereby ADOPTS the Report and Recommendation in its entirety.

Accordingly, the VA Hospital's Motion to Dismiss is GRANTED, and Richman's complaint is therefore DISMISSED for lack of subject matter jurisdiction.

**IT IS SO ORDERED**, this 21st day of August, 2018.

          /s Jon McCalla
          JON P. McCALLA
          UNITED STATES DISTRICT JUDGE